**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**MARIO RIVERO,**

Plaintiff,

- against -

**INTL FCSTONE, INC.,**

Defendant.

Case No. 14-cv-3879 (PAC)

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR**
**RECONSIDERATION AND LEAVE TO FILE AN AMENDED COMPLAINT**

Defendant INTL FCStone, Inc. ("INTL") respectfully submits this Memorandum of Law in opposition to Plaintiff's Motion for Reconsideration and Leave to File an Amended Complaint.

## PRELIMINARY STATEMENT

Reconsideration is appropriate only where new evidence is available, there has been a change in controlling law, or it is necessary to prevent manifest injustice or correct a clear error. Rivero presents none of the above:

*First*, Rivero presents no new evidence, only alleged facts that could have been raised – and in most instances were – in the original briefing. Rivero's factual support for application of Florida law over New York law was considered and rejected by this Court. Rivero does not and cannot assert that any of the alleged facts supposedly supporting application of Florida law post-date the Complaint or briefing. Reconsideration is not a vehicle for a litigant to present evidence or make arguments that could have been made previously but, for whatever reason, were not.

*Second*, Rivero does not argue a change in the relevant law.

*Third*, Rivero does not make out a case of manifest injustice. Applying New York law to a contract related to the sale of securities with a New York defendant is not a manifest error. To the contrary, the decision to dismiss is amply supported by the case law and factual allegations for the reasons stated in prior briefing.

Accordingly, Rivero's efforts to enforce an alleged agreement between the parties should be dismissed.

**ARGUMENT**

In order to justify reconsideration, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Pasternack v. Lab. Corp. of Am.*, No. 10-Civ-4426(PPG), 2014 WL 4832299, *10 (S.D.N.Y. Sept. 29, 2014). Otherwise, reconsideration must be denied. Reconsideration "is an extraordinary remedy to be employed sparingly[.]" *Id.* at *9 (internal citations omitted). Reconsideration is also not a substitute for appeal. *Id.* at *10.

Plaintiff Rivero's motion for reconsideration (the "MFR") fails because he does not even address these factors. Instead, Rivero's motion is premised on his (incorrect) statement of the standard for a motion to dismiss and his attempt to cure the deficiencies of his complaint, not with *new* evidence, but with facts that his "Complaint could have been more explicit on[.]" (MFR at 3).

I.      **RIVERO HAS NOT SATISFIED HIS BURDEN FOR RECONSIDERATION.**

Rivero asks the Court to reconsider its decision to grant INTL's motion to dismiss (the "Opinion") because the Court did not "review the allegations in [his] Complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." (MFR at 2). However, "drawing all reasonable inferences in the plaintiff's favor" does *not* require the Court to read facts into the Complaint that are not there.

The standard cited by Rivero, that a court may not dismiss an action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," has been expressly overturned by the Supreme Court. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) ("Conley's 'no set of facts' language has been

3

questioned, criticized, and explained away long enough. . . The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard[.]"); s*ee also Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008) ("[Twombly] explicitly rejected the longstanding maxim that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")(*internal citations omitted*).

The "facts" that Rivero cites in support of his motion for reconsideration, such as that "the in-person meeting took place in Miami," "that the contract between Rivero and INTL FCStone was performed almost exclusively in Miami[,]" and that "both Rivero's engagement and Mercon transaction were handled by Peter Wallin, who was then the head of INTL FCStone's Miami office" are found *nowhere* in the Complaint nor any of his prior pleadings. (MFR at 3).  Rivero does not dispute this; instead, he characterizes it as a failure on his part to be more "explicit" in his Complaint.  *See Id*.  The aforementioned are far from "reasonable inferences" – they are entirely new allegations that Rivero could have but failed to assert.  The Court was not required to envision any independent set of facts that might possibly exist that would entitle Rivero to relief.

Contrary to the pleading standard, Rivero does not allege "the availability of new evidence."  *See Pasternak*, 2014 WL 4832299 at *10 (citing "the availability of new evidence" as a "major ground[] justifying reconsideration").  Instead, he simply seeks to "advance new facts" that "plug[] the gaps of [his] lost motion" so he may re-litigate the choice of law issue. *See Id*. at **9-10.  However, "[a] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court," and "Local Rule 6.3 is intended

to ensure the finality of decisions and to prevent the practice of a losing party plugging the gaps of a lost motion with additional matters." *Id*. at *10.

The additional "evidence" Rivero cites in his motion for reconsideration was readily available to him from the start of this litigation.  Nowhere in his motion does Rivero allege that this information has recently surfaced.  To the contrary, Rivero alleges that this information has been *in the Complaint all along* – but "the Complaint could have been more explicit on [these] issue[s][.]"  (MFR at 3).  As a matter of law, this is not sufficient grounds for reconsideration. *Rienzi & Sons, Inc. v. N. Puglisi & F. Insdustria Paste Alimentari S.P.A.*, No. 08-CV-2540 (DLI)(JMA), 2014 WL 1276513, *2 (E.D.N.Y. March 27, 2014) (denying a motion for reconsideration where plaintiff argued the incorrect law was applied because "that issue was squarely addressed in th[e] Court's previous opinion . . . [and] plaintiff has not presented any intervening change in law or pointed to something that the Court has overlooked.").

II.    **EVEN IF THE COURT ENTERTAINS RECONSIDERATION, NEW YORK LAW STILL APPLIES.**

Rivero also incorrectly disputes the Court's analysis of the choice of law issue.  New York law will be enforced when the conflict concerns the statute of frauds "*even if a center of gravity analysis did not dictate that New York law be applied* . . . because New York maintains a strong public policy of enforcing its Statute of Frauds in cases involving commissions and finder's fees disputes."[1]  (*See* Reply Br. at 4-5); *Hotel Int'l Grp. Inc. v. CGU Ins. Co.*, 01 CIV.

---

[1] The Court has also previously recognized that INTL's headquarters are located in New York (Opinion at 7), and INTL is a New-York based company under the protection of New York's General Obligations Law.  Defendant's Memorandum of Law in Further Support of Its Motion to Dismiss ("Reply Br.") at 2.

0654 (RCC), 2004 WL 626187, *4 (S.D.N.Y. Mar. 29, 2004) *vacated in part sub nom.*

*Aramarine Brokerage, Inc. v. OneBeacon Ins. Co.*, 307 F. App'x 562 (2d Cir. 2009) (vacated in

part after facts surfaced that contract contained express choice of law provision)(emphasis

added).

      The case Rivero cites to challenge the Court's decision to apply New York law is

inapposite, as it does not concern the statute of frauds, commissions, nor finder's fees. *See*

*Brink's Ltd. v. South African Airways*, 93 F.3d 1022 (2d Cir. 1996).  Because this Court has

already held that New York law applies, it follows that New York has at least "sufficient

contacts" with the case "so as not to render application of its law fundamentally unfair;" thus,

New York has a greater interest in the application of its Statute of Frauds over Florida, which

does not have a Statute of Frauds applicable to agreements for the payment of a finder's fee.

(Opinion at 7; Reply Br. at 5); *Prescient Acquisition Grp., Inc. v. M.J. Pub. Trust*, No. 05 CIV

6298, 2006 WL 2136293, *8 (July 31, 2006).  As a result, there is no basis to overturn the

Court's decision to dismiss.

## III.      RIVERO STILL HAS NOT PLED THE EXISTENCE OF A CONTRACT.

      Even if the Court were to consider Rivero's further arguments, under any law, they still

do not cure the most basic deficiency in his original complaint: the absence of an enforceable

agreement.  Rivero does not point to the existence of any contract with INTL or even describe

the predicate basis of any such contract.

      Applicable law rejecting oral contracts on such a basis is designed to prevent exactly this

dilemma – a party alleging entitlement to a finder's fee out of thin air without definite terms and

that has never been reduced to writing.  As discussed in the initial Memorandum of Law in

6

Support of Defendant's Motion to Dismiss (the "MTD"), Rivero continuously fails to allege any facts that could support the existence of a valid, enforceable contract.  (*See* MTD at 4-7).  The motion for reconsideration still "does not specify whether the agreement was oral or written. Nor does it attach or describe any written documents that may partially or fully satisfy the statute of frauds," or support any allegation of an "internal memoranda" that would indicate a contract was executed between the parties; all of which were cited by the Court in support of its decision to grant INTL's motion to dismiss the breach of contract claim.  (*See* Order at 8).

This complete and consistent failure to specify the basic details of any alleged contract warrants the dismissal of Rivero's claim regardless of what additional "facts" he tries to slip into his request for an amended complaint.[2]  *See Gutkowski v. Steinbrenner*, 680 F. Supp. 2d 602, 609 (S.D.N.Y. 2010) ("[A] court cannot enforce a contract unless it is able to determine what in fact the parties have agreed to.")(internal quotations omitted).

_____

[2] For this reason as well as those stated supra Section II, Defendant also submits that Rivero's proposed amended complaint is indeed futile.  "Amendment is futile if the proposed amended complaint could not survive a motion to dismiss."  *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012).  Rivero's proposed amended complaint still fails to state a cause of action for breach of contract insofar as it does not allege the existence of any contract, and New York law still applies.

## <u>CONCLUSION</u>

For the reasons stated above, Rivero's Motion for Reconsideration and Leave to File an Amended Complaint should be denied.

Dated:  April 24, 2015.

CROWELL & MORING LLP


By:  <u>/s/Elizabeth A. Figueira</u>

Elizabeth Figueira, Esq.
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 223-4000
efigueira@crowell.com

Mark A. Klapow, Esq.
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202-624-2975
mklapow@crowell.com

*Attorneys for INTL FCSTONE, INC.*