UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                                      :

MARIO RIVERO,

            *Plaintiff*,

  -*against*-

                                         14 Civ. 3879 (PAC)

INTL FCSTONE INC.,

           *Defendant*.                     **OPINION & ORDER**

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 19, 2015

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff moves for reconsideration of the Court's Opinion and Order, dated March 20, 2015, dismissing the complaint or, in the alternative, for leave to file an amended complaint. Plaintiff's motions are DENIED.

## BACKGROUND

The Court assumes familiarity with all prior proceedings in this matter, especially the March 20, 2015 Opinion and Order. Briefly stated, Plaintiff Rivero alleges the breach of a contract or agreement with Defendant INTL FCStone to assist Defendant in securing financial advising services for Mercon Coffee Corporation for which Rivero was to be compensated. Compl. ¶¶ 2-3. Plaintiff alleges that he initiated the relationship between Defendant and Mercon, effectuated an introduction between Mercon's CFO and Defendant's representatives, and facilitated the execution of a non-disclosure agreement and the exchange of information between Defendant and Mercon. *Id.* ¶¶ 11, 12. Plaintiff also attended in-person meetings with Defendant and Mercon in New York and Florida. In early 2013, Mercon retained Defendant and paid retainer fees. *Id.* ¶¶ 15, 16. Plaintiff demanded payment, but Defendant refused. *Id.* ¶¶ 16-19.

Plaintiff brought claims for breach of contract, declaratory judgment, quantum meruit, unjust enrichment, and promissory estoppel. *Id.* ¶¶ 21-38.

On June 24, 2014, pursuant to the Court's individual practices, Defendant sought leave to move to dismiss because the applicable New York Statute of Frauds barred the relief Plaintiff sought. Letter from Mark A. Klapow, Dkt. 8. When leave was granted Defendant moved to dismiss. *See* Def. Mem. in Support of Mot. to Dismiss, Dkt. 18, at 5-7 (citing N.Y. Gen. Oblig. Law § 5-701(a)(10)). Plaintiff responded that, applying New York's "center of gravity" choice of law analysis, the dispute should be governed by Florida law and Florida law does not bar his claim. Pl. Mem. Opposing Mot. to Dismiss, Dkt. 20, at 9-11. Plaintiff also attached to his opposition briefing a declaration in which he asserted facts about pertinent events occurring in Florida that had not been alleged in his complaint. Decl. of Mario Rivero, Dkt. 21.

On March 20, 2015, the Court issued its Opinion and Order. Dkt. 25. The Court determined that New York law governed because, based on the allegations in the complaint, New York, not Florida, was the "center of gravity" of the dispute. *Id.* at 6-7. The Court held accordingly that the claims were barred by the New York Statute of Frauds and granted the motion to dismiss. *Id.* at 7-8. Judgment was entered on March 24, 2015. Dkt. 26.

On April 7, 2015, Plaintiff moved for reconsideration or leave to file an amended complaint. *See* Mem. of Law in Support of Mot. for Reconsideration, Dkt. 28. Plaintiff argues that the Court incorrectly applied the "center of gravity" analysis and that "[r]eading the Complaint in the light most favorable to the Plaintiff" necessitates a finding that Florida law applies. *Id.* at 3. Plaintiff's briefing includes a lengthy description of meetings that allegedly took place in Florida, but acknowledges that "the Complaint was not as explicit as it could have been on this point." *Id.* That is putting it mildly. In fact, Plaintiff's complaint alleges that he

2

was a resident of Florida and that there were business meetings in New York and Miami. Otherwise the complaint, which Plaintiff filed in New York against a New York corporation, was bereft of any allegations which would support the choice of Florida law, despite Plaintiff having known of the choice of law issue for almost a year.  Plaintiff now seeks to file an amended complaint which claims additional business activity in Florida.  *See* Decl. of Joshua A. Berman, Dkt. 29, Ex. 1.

## DISCUSSION

### I. Applicable Law

"Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court." *Pasternack v. Lab. Corp. of America*, No. 10 cv 4426 (PGG), 2014 WL 4832299, at *9 (S.D.N.Y. Sept. 29, 2014) (internal quotation marks omitted). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Id.*  Reconsideration is generally granted only due to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  "Motions for reconsideration are not vehicles for taking a second bite at the apple, and the court should not consider facts not in the record to be facts that the court overlooked." *In re Bear Stearns Co.*, No. 08 MDL 1963 (RWS), 2011 WL 4357166, at *2 (S.D.N.Y. Sept. 13, 2011).

A plaintiff may amend his complaint as a matter of course within 21 days after service of the complaint itself or 21 days after service of a motion to dismiss.  Fed. R. Civ. P. 15(a).  In all other cases, the plaintiff can amend only with the opposing party's consent or the court's leave. *Id.*  As a general matter, leave to amend "shall be freely given when justice so requires", *id.*, and

"amendment should be allowed 'in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant.'" *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 417-18 (2d Cir. 1990) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). But the inquiry shifts somewhat when the motion to amend is first made post-judgment. "When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactly." *Id.* at 418. This is so because "to hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991).

**II.     Analysis**

    **A.     Motion for Reconsideration**

In seeking reconsideration, Plaintiff argues that the Court incorrectly determined that New York was the center of gravity of the suit. Plaintiff does not point to an intervening change of controlling law or new evidence. Rather, Plaintiff asserts that "[r]eading the Complaint in the light most favorable to the Plaintiff . . . the Court should have concluded that the contract between Rivero and INTL was performed almost exclusively in Miami." Mem. of Law in Support of Mot. for Reconsideration, at 3. But in support of his position, Plaintiff relies on newly alleged facts that cannot be inferred from any reasonable reading of the complaint; they are simply new allegations that Plaintiff failed to plead. For example, Plaintiff newly alleges that Defendant had a Miami office, that Defendant was operating out of that Miami office for purposes of the Mercon transaction, and that various meetings discussed in the complaint occurred in Miami rather than in New York. *Id.* at 3-4. The Court will "not consider facts not in

the record to be facts that the court overlooked." *In re Bear Stearns*, 2011 WL 4357166, at *2.

The only mentions of Florida in the complaint are that Plaintiff is a Florida resident and that he "attended and participated in meetings" in New York City and Miami with Defendant and Mercon. Compl. ¶¶ 7, 13. The Court properly considered only the allegations on the face of Plaintiff's complaint—and not those asserted in his opposition briefing and attached declarations—in determining that New York was the dispute's center of gravity. *See* Opinion and Order at 6-7; *Leason Ellis LLP v. Patent & Trademark Agency LLC*, 13 cv 2880 (VB), 2014 WL 3887194, at *3 (S.D.N.Y. July 2, 2014) ("Courts in this Circuit have made clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss"). Since Plaintiff has failed to demonstrate a "need to correct a clear error or prevent manifest injustice", *Virgin Atl. Airways*, 956 F.2d at 1255, his motion for reconsideration is DENIED.

### B.   Motion for Leave to Amend

Plaintiff also seeks leave to file an amended complaint. Plaintiff knew, as of June 2014, that there was a choice of law question on whether New York or Florida law applied; and that the choice of New York law would be fatal to his claims. Yet Plaintiff waited until after judgment was entered to move to amend and provides no explanation for his undue delay. The appropriate time for Plaintiff to file an amended complaint was any time after June 2014, including the pendency of the motion to dismiss briefing. Surely Plaintiff was aware of the defect in his complaint, as Plaintiff attempted to cure the defect by alleging new facts in his motion to dismiss briefing. *See In re Worldcom, Inc. Sec. Litig.*, No. 02 civ 3288 (DLC), 2004 WL 692746, at *4 (S.D.N.Y. Apr. 2, 2004) (denying motion for leave to amend where "plaintiffs did not submit any proposed amended pleading with their opposition to the motion to dismiss, as they should

have if they believed that it would be timely and that it would cure any defect identified by the motion").

Plaintiff's reliance on *Foman v. Davis*, 371 U.S. 178 (1962) is unavailing. In that case, the Court held that the district court should have granted leave to amend to add a new legal theory because "the underlying facts or circumstances" contained in the complaint constituted a viable subject of relief. *Id.* at 182. Here, the underlying facts or circumstances as alleged in the complaint do not entitle Plaintiff to relief. Indeed, allowing amendment after judgment has been entered, on the facts and circumstances of this case, would result in a colossal waste of judicial resources. Since Plaintiff "had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave", *State Trading Corp. of India*, 921 F.2d at 418, his motion for leave to amend is DENIED.

## CONCLUSION

Plaintiff's motions for reconsideration and for leave to amend are DENIED. The Clerk of Court is directed to terminate the motion at Docket #27.

Dated: New York, New York
       October 19, 2015

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge